## Chamberlin's Butler County Delinquent Tax Sale Appeal.

Argued February 23, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Donald D. Doerr,* for appellant.

*Richard L. McCandless,* with him *Coulter, Gilchrist, Dillon & McCandless,* for appellee.

OPINION BY JUDGE KRAMER, April 14, 1972:

We have before us an Appeal from an Order of the Court of Common Pleas of Butler County, dismissing Exceptions filed by Fred E. Chamberlin (appellant). Involved in the instant appeal is a parcel of property containing six undeveloped lots, the record owner of which is the Fernway Development, Inc. Municipal, county and local school taxes on the above property have gone unpaid for the years 1963-1970, inclusive. On September 13, 1965, the Butler County [Delinquent] Tax Claim Bureau exposed the property to public sale; however, the upset price of $384.57 (delinquent taxes for the years 1963, 1964 and 1965) was not bid. The property remained on the delinquent tax rolls through 1970. On October 8, 1970, appellant tendered to the Butler County Commissioners an offer to purchase the property at a price of $500.00. In order to effectuate such sale the Director of the Butler County Tax Claim Bureau, March 9, 1971, filed with the Court of Common Pleas a Petition to Sell Unredeemed Real Estate. The court directed the issuance of a Rule to Show Cause why the Butler County Tax Claim Bureau should not be granted the right to make the sale, free and clear[1] to the appellant. The Rule was returnable

---

[1] A title search disclosed a mortgage interest in the property held by Judd and Betty Estabrook. The Rule to Show Cause as issued by the court included, *inter alia,* the instruction that the

and to be heard on April 1, 1971. At the April 1, 1971 proceedings, facts were developed indicating that neither the taxing authorities nor one of the named parties in interest had been notified of the hearing. The court then set June 1, 1971, as the new hearing date and the date on which the Rule to Show Cause would be returnable. In addition the Order required the Rule to note that "there are more than one party interest[ed] in bidding . . . and that the sale be made to the highest bidder." The June 1 hearing was held, at which time Ruth Dorsch (appellee) entered a bid in the amount of $600.00. Appellant was given the opportunity to counter the appellee's bid; he, however, chose to stand on his $500.00 offer of purchase made in October of 1970. The court accepted the bid of the appellee and ordered the closing held on June 19, 1971. Exceptions to the Order were filed and were dismissed by Order and Memorandum of the court. It is from the dismissal of the Exceptions that Chamberlin appeals.

It is the contention of the appellant that the Petition to Sell Unredeemed Property as presented by the Tax Claim Bureau of Butler County to the Court of Common Pleas on March 9, 1971, constituted formal acceptance on the part of the County of appellant's offer to purchase the property at a price of $500.00. The thrust of appellant's argument is grounded in the law of contracts, with slight consideration given to the procedures as found in the Real Estate Tax Sale Law (Act), Act of July 7, 1947, P. L. 1368, No. 542, as amended, 72 P.S. 5860.101 et seq. We are of the opinion that the Act, 72 P.S. 5860.101 is dispositive of the instant appeal.

To best facilitate our analysis we shall review the pertinent portions of the Act, 72 P.S. 5860.101, and thereafter we will speak as to applicability.

---

Estabrooks and all other lienholders and interested parties be served with notice.

Section 605 of the Act, 72 P.S. 5860.605, in pertinent part provides: ". . . No sale of property shall be made by the bureau unless a bid equal to the upset price is made. . . ." In 1965, the property was exposed to sale, however, the upset price of $384.57 was not bid.

Section 605, then continues: "[A]nd where sufficient is not bid, the sale shall be continued from month to month without further advertisement for not more than three (3) months in order to give the bureau a chance to sell the property at *private sale*, or to petition court for an order to sell the same, freed and discharged of all liens." (Emphasis added)

We next turn to Section 613 of the Act, 72 P.S. 5860.613, where we find: "(a) Any time *within one (1) year* after any property has been exposed to public sale and such sale is continued because no bid was made equal to the upset price, . . . , the bureau may, on its own motion, . . . , *agree* to sell the property at private sale, at any price approved by the bureau." (Emphasis added) Section 605 is to be read in concert with Section 613. These two sections empower a tax claim bureau to sell the subject property at private sale. The right to so sell extends for a period of one year from the date on which the property was first exposed to sale. Under the facts of the instant appeal the Butler County Tax Claim Bureau had the discretion to agree to sell the property at private sale until September 13, 1966. Appellant's offer was made thereafter and does not come within the purview of Section 613.

Appellant relies upon Section 610 of the Act, 72 P.S. 5860.610, where it is directed that: "In cases where the upset price shall not be bid at any such sale, [upset sale] . . . the sale shall be continued from month to month . . . , and the bureau shall, sometime within one (1) year from the date of such sale, *or within eighteen*

*(18) months of the effective date of this amending act, whichever is later,*[2] file its petition in the court of common pleas . . . setting forth, . . . that the property was exposed to public sale, . . . and that it was unable to obtain a bid sufficient to pay said upset price. . . ." (Emphasis added) This section untied the heretofore fettered hands of a tax claim bureau possessed of unredeemed real estate having gone unsold for several years. The tax claim bureaus were empowered to petition the courts to allow the public sale of unredeemed real estate, at whose earlier attempted sale the upset price had not been bid. Nowhere do we find any statutory authority in Section 610 to permit the bureau to enter into a binding contract with any person who makes an offer to purchase. No binding contractual arrangement could be made under Section 610 for the sale of such property without receiving court approval as a condition precedent.

Finally Section 612 of the Act, 72 P.S. 5860.612, provides: "If upon hearing the court is satisfied . . . it shall order and decree that said property be sold at a subsequent day . . . to the highest bidder. . . ." The opportunity to sell at public sale referred to in Section 610 is to be a sale to the highest bidder.

At this juncture it becomes quite clear that the Butler County Tax Claim Bureau was without power to enter into any type of binding contractual relationship with appellant relating to the property in question, after one year after the property was first exposed for sale, without first receiving court approval. We so hold in the light of the above cited and excerpted statutory portions. It is Section 610 which allows a tax claim bureau to deal with property whose unsold state had exceeded the statutorily allowable period. With-

---

[2] Emphasized words are the amendatory words of the Act of July 10, 1969, P. L. 146, §1.

out this section, the result, however illogical or seemingly arbitrary, was that the tax claim bureau remained in possession of such property. The passage of the amendment to Section 610 in 1969 enabled tax claim bureaus to dispose of those properties languishing on the unredeemed real estate rolls through public sale to the highest bidder. The allowance by the lower court of the June 1, 1971 bid of the appellee and the court's willingness to allow appellant to offer a higher bid was in conformity with the Act.

In light of the above analysis, we affirm the Order of the lower court.